**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000487
19-JUN-2020
10:21 AM**

NOS. CAAP-19-0000487, CAAP-19-0000488, AND CAAP-19-0000489

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CODY B. AMARAL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2CPC-17-000270(2),
2CPC-17-0000194(2) AND 2PC171000023(2))

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

On January 3, 2019, the Circuit Court of the Second Circuit (**Circuit Court**)[1] entered a "Judgment; Conviction and Sentence" (**Judgment**) which imposed sentencing on Defendant-Appellant Cody B. Amaral (**Amaral**) in five criminal cases involving a total of eleven counts to which Amaral had pled guilty.  The sentence included, *inter alia*, that ten-year terms imposed for Theft in the First Degree in Case No. 2PC171000023(2), Burglary in the First Degree in Case No.2CPC-17-194(2), and Burglary in the First Degree in Case No. 2CPC-17-270(2), were to run <u>consecutive</u> to each other for a total of thirty years.  On January 7, 2019, the Circuit Court entered an

---

[1]  The Honorable Peter T. Cahill presided.

"Amended Judgment; Conviction and Sentence" (**Amended Judgment**) to correct the amount of restitution that Amaral was ordered to pay in one of the cases.[2]

In a prior appeal, Amaral sought review of the Judgment and Amended Judgment, asserting that the Circuit Court had abused its discretion by imposing the three consecutive ten-year terms of imprisonment.  On January 23, 2020, we entered a Memorandum Opinion affirming the Circuit Court's sentence.  State v. Amaral, No. CAAP-19-0000126, consolidated with Nos. CAAP-19-0000127, CAAP-19-0000128, CAAP-19-0000129, CAAP-19-0000130, 2020 WL 391935 (Hawaiʻi App. Jan. 23, 2020) (mem. op.).

In the current consolidated appeal, Amaral appeals from an "Order Denying Defendant's Motion to Correct Illegal Sentence" and an "Order Denying Defendant's Motion For Reconsideration and Reduction of Sentence," both entered by the Circuit Court on June 5, 2019, in Case Nos. 2PC171000023(2), 2CPC-17-194(2), and 2CPC-17-270(2).  Amaral appealed in each of the three underlying cases, and these appeals were then consolidated by this court.[3]

---

[2]  As reflected in the Judgment and Amended Judgment, Amaral was convicted of the following offenses in each of the respective criminal cases:

In Case No. 2PC171000023(2):
- Count One: Theft in the First Degree;
- Count Four: Promoting a Dangerous Drug in the Third Degree;
- Count Six: Unauthorized Possession of Confidential Personal Information;
- Counts Seven and Eight: Theft of Credit Card
- Count Nine: Theft in the Second Degree

In Case No. 2PC171000034(2):
- Count One: Unauthorized control of Propelled Vehicle

In Case No. 2PC171000035(2):
- Count One: Burglary in the Second Degree

In Case No. 2CPC-17-194(2):
- Count One: Burglary in the First Degree
- Count Two: Theft in the Second Degree

In Case No. 2CPC-17-270(2):
- Count One: Burglary in the First Degree

[3]  On October 3, 2019, this court entered an "Order of Consolidation", which consolidated case numbers CAAP-19-0000487, CAAP-19-0000488, and CAAP-19-0000489 under CAAP-19-0000487.

In this appeal, Amaral's points of error assert that: (1) the Circuit Court erred by not granting him relief from the three consecutive ten-year terms imposed in his sentence, because the consecutive sentences are illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000) and should be corrected under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 35(a); and (2) in the alternative, there was a sufficient basis for the Circuit Court to reconsider his sentence under HRPP Rule 35(b).

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant legal authority, we resolve Amaral's points of error as follows and we affirm.

## I.  The Circuit Court's sentence did not violate Apprendi

The Circuit Court's sentence included three consecutive ten-year terms of imprisonment imposed for Amaral's convictions of first degree theft in 2PC171000023(2), first degree burglary in 2CPC-17-194(2), and first degree burglary in 2CPC-17-270(2), which are all class B felonies to which Amaral pled guilty.

Amaral's primary contention on appeal is that the Circuit Court's sentence imposing the three consecutive ten-year terms was illegal because it violated the United States Supreme Court's holding in Apprendi.  In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490 (emphasis added).  Amaral contends that the Circuit Court's imposition of three consecutive ten-year terms violates Apprendi because Plaintiff-Appellee State of Hawaiʻi (**State**) "used consecutive sentencing to indirectly do what it could not do directly through a motion for extended term of imprisonment, i.e. forgoing the use of a jury to prove beyond a reasonable [doubt] that [Amaral] was a danger to the public."  Accordingly, Amaral asserts that the State was required to prove to a jury beyond a

3

reasonable doubt that Amaral was a danger to the public, and the failure to do so renders his sentence illegal.

In <u>Oregon v. Ice</u>, 555 U.S. 160 (2009), the United States Supreme Court held that the rule set out in <u>Apprendi</u> did not apply to the determination of facts for the imposition of consecutive sentences.  <u>Id.</u> at 163-64, 167-68.  The court explained:

> This case concerns the scope of the Sixth Amendment's jury-trial guarantee, as construed in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Those decisions are rooted in the historic jury function—determining whether the prosecution has proved each element of an offense beyond a reasonable doubt. They hold that it is within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense. Thus far, the Court has not extended the <u>Apprendi</u> and <u>Blakely</u> line of decisions beyond the offense-specific context that supplied the historic grounding for the decisions. The question here presented concerns a sentencing function in which the jury traditionally played no part: When a defendant has been tried and convicted of multiple offenses, each involving discrete sentencing prescriptions, does the Sixth Amendment mandate jury determination of any fact declared necessary to the imposition of <u>consecutive, in lieu of concurrent</u>, sentences?
>
> Most States continue the common-law tradition: They entrust to judges' unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently. In some States, sentences for multiple offenses are presumed to run consecutively, but sentencing judges may order concurrent sentences upon finding cause therefor. Other States, including Oregon, constrain judges' discretion by requiring them to find certain facts before imposing consecutive, rather than concurrent, sentences. It is undisputed that States may proceed on the first two tracks without transgressing the Sixth Amendment. The sole issue in dispute, then, is whether the Sixth Amendment, as construed in <u>Apprendi</u> and <u>Blakely</u>, precludes the mode of proceeding chosen by Oregon and several of its sister States. We hold, in light of historical practice and the authority of States over administration of their criminal justice systems, that the Sixth Amendment does not exclude Oregon's choice.

<u>Id.</u> at 163-64 (emphasis added).  The U.S. Supreme Court further explained:

> The decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.'  <u>Apprendi</u>, 530 U.S.[ ] at 477, 120 S.Ct. 2348. Instead, specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures.

<u>Id.</u> at 168.

4

In <u>State v. Kahapea</u>, 111 Hawaiʻi 267, 279, 141 P.3d 440, 452 (2006), the Hawaiʻi Supreme Court likewise held that <u>Apprendi</u> does not apply to the determination of whether to impose consecutive sentences. As noted in <u>Kahapea</u>, <u>Apprendi</u> does not apply to a sentencing judge's fact finding to impose consecutive sentences under Hawaii Revised Statutes (**HRS**) § 706-668.5 (1993), which entails consideration of the factors set forth in HRS § 706-606 (1993). <u>See</u> <u>id.</u> at 278-80, 141 P.3d at 451-53. Although consecutive sentences may lengthen the term of incarceration beyond the statutory maximum for an individual sentence, none of the individual terms of imprisonment exceed the applicable statutory maximum. In <u>Kahapea</u>, where the defendant was convicted of five first-degree thefts and sentenced to ten years for each, the Hawaiʻi Supreme Court explained that the sentence of "five ten-year terms running consecutively *is* the statutory maximum[,]" and did not deprive the defendant of his rights under <u>Apprendi</u>. <u>Id.</u> at 280, 141 P.3d at 453 (emphasis in orginal).

Here, while Amaral's three consecutive ten-year sentences resulted in a term of imprisonment beyond the ten-year maximum for one count of Theft in the First Degree, or one count of Burglary in the First Degree, none of the individual prison terms exceeded the statutory maximum for the offense involved. Thus, the Circuit Court did not impose an illegal sentence under <u>Apprendi</u> by sentencing Amaral to three consecutive ten-year terms of imprisonment.

Amaral also appears to assert that the State acted inappropriately in effectively circumventing the requirements of <u>Apprendi</u> by requesting consecutive sentences in lieu of moving for an extended term of imprisonment, which would have required further findings by a jury. However, as pointed out by the State, both parties agreed in the terms of a plea agreement that the State would not move for extended sentencing, and the State would not ask for more than thirty years in consecutive sentences. We cannot say that the State acted inappropriately by

5

requesting consecutive sentences because it acted pursuant to the terms of the plea agreement agreed to by both parties.

Amaral also contends the State engaged in subterfuge by circumventing extended term sentencing by pursuing consecutive term sentencing. Again, given Amaral's plea agreement, the record does not support this contention. Moreover, in making this argument Amaral relies on a discussion in the concurring opinion in Kahapea. 111 Hawaiʻi at 285, 141 P.3d at 458. However, the prevailing law under Ice and Kahapea is that the rule in Apprendi does not apply to a trial court's determination of consecutive sentencing.

Based on the foregoing, we conclude that the Circuit Court did not err in its "Order Denying Defendant's Motion to Correct Illegal Sentence."

## II. Amaral's motion for reconsideration under HRPP Rule 35(b)

Amaral also asserts in his points of error that there was a sufficient basis under HRPP Rule 35(b)[4] to grant his motion for reconsideration. However, Amaral offers no argument supporting his contention, and instead only states that "based on the record at the motion for reconsideration, the trial court abused its discretion in not granting reconsideration of sentence." Accordingly, we deem this point waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived").

---

[4] HRPP Rule 35(b) (2003) provides:

**(b) Reduction of Sentence.** The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction. A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

## III.  Conclusion

Based on the foregoing, the "Order Denying Defendant's Motion to Correct Illegal Sentence" and the "Order Denying Defendant's Motion For Reconsideration and Reduction of Sentence," both entered on June 5, 2019, by the Circuit Court of the Second Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 19, 2020.


On the briefs:                      /s/ Lisa M. Ginoza
                                    Chief Judge
Shawn A. Luiz,
for Defendant-Appellant.            /s/ Katherine G. Leonard
                                    Associate Judge
Richard B. Rost,
Deputy Prosecuting Attorney,        /s/ Clyde J. Wadsworth
for Plaintiff-Appellee.             Associate Judge